**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GEORGE CEBALLOS, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>FAMILY & CHILDREN'S SERVICES, )<br>TRACY LOPER, AND SARA LAND, )<br>)<br>      Defendants. ) | Case No. 10-CV-659-GKF-PJC |

### OPINION AND ORDER

Before the court is the Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit of plaintiff George Ceballos [Dkt # 3].

Plaintiff swears in his affidavit that he is employed and earning $1,400 per month. He states his monthly expenses are $1,145. Based on the representations in plaintiff's motion, he has not shown that he is unable to pay the filing fee and his motion to proceed *in forma pauperis* should be denied.[1] Under Local Civil Rule 3.3(e), plaintiff must pay his filing fee within 21 days of the denial of his motion to proceed *in forma pauperis*, or his case will be dismissed without prejudice for failure to pay the filing fee.

The Court has reviewed plaintiff's complaint and finds that his claims should be dismissed under Fed. R. Civ. P. 12(b)(6). A district court has the authority to sua sponte dismiss a claim under

---

[1] Plaintiff filed his case in the Eastern District of Oklahoma and the case was transferred to this district. Plaintiff's motion was therefore completed on the Eastern District's form, which does not seek information regarding spousal income. Plaintiff has recently sought leave to proceed *in forma pauperis* in other cases he has filed in this district. *See* George Ceballos v. Tulsa Drug Enforcement Agency, Case No. 09-CV-75-CVE (where, on February 17, 2009, Ceballos swore that his spouse earned $1,600 per month and that he was no longer employed); George Ceballos v. Julie O'Connell, Federal Public Defender, et al., Case No. 09-CV-607-GKF (where, on September 28, 2009, Ceballos swore that his spouse earned $1,400 per month and he was not employed); and George Ceballos v. Dr. Tracy Loper, Case No. 09-CV-587-JHP (where, on September 10, 2009, Ceballos swore that his spouse earned $1,400 per month). Although the Court denies the motion on the basis of plaintiff's stated income alone, it appears likely that his spouse earns income as well.

Rule 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007); *McKinney v. State of Okla., Dept. Of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).  Under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A claim should be dismissed when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations within the claim "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  The courts do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  *Id.* at 570.  Complaints containing only conclusory, vague, or general allegations that defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.

In this case, the Complaint states no grounds for federal diversity jurisdiction.  The plaintiff and defendants are all Oklahoma residents.[2]

In addition, the Complaint fails to state a claim for relief that is plausible on its face. Plaintiff alleges he has "been victimized by Dr. Tracy Loper & Dr. Sarah Land, Tulsa Police & Special Investigation Division."  The doctors allegedly "tried to manipulate my bi-polar status to Delusional, Paranoid, Suicidal, etc." when Dr. Loper allegedly "bumped" him to 800 mg. of Seroquel (used to treat bipolar disorder) and Dr. Land institutionalized him for "4 more days." Unless a private entity "is a willful participant in joint activity with the State or its agents," or exercises "powers traditionally exclusively reserved to the State," it is not engaged in state action

---

[2] Plaintiff Ceballos and defendants Loper and Land are all alleged to be residents of Tulsa, Oklahoma.  Family & Children's Services is an Oklahoma not-for-profit corporation located in Tulsa, Oklahoma.

supportive of a federal civil rights claim. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

Ceballos previously filed a case in this district court against Dr. Loper, which District Judge James H. Payne dismissed on August 4, 2010 for lack of federal question and diversity jurisdiction. *See* Case No. 09-CV-587, *George Ceballos v. Dr. Tracy Loper*. In that case, Ceballos alleged that Dr. Loper, as an employee of Family & Children's Services, attempted to institutionalize him without just cause. He also alleged that Chief Federal Public Defender Julia O'Connell and U.S. Marshal Jerry Peirce [sic] "played mind games" with him. Ceballos later filed a separate case against O'Connell and Pierce, which this court dismissed on June 25, 2010. See Case No. 09-CV-607, *George Ceballos v. Julia O'Connell, et al.* Here, as in the previous case against Dr. Loper, Ceballos does not adequately state grounds for federal question or diversity jurisdiction. The Court will give plaintiff an opportunity to file an amended complaint if he believes that he can state grounds for federal jurisdiction.

WHEREFORE, plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. # 3] is denied. Plaintiff is required to pay the filing fee no later than December 14, 2010, or his case will be dismissed without prejudice on this basis.

IT IS FURTHER ORDERED that plaintiff's claims against defendants are dismissed without prejudice for failure to state a claim under Rule 12(b)(6). If plaintiff believes that he can file an amended complaint that fully complies with the requirements set forth in this Opinion and Order, he may file an amended complaint no later than December 14, 2010. Plaintiff is advised that he must pay the filing fee and an amended complaint fully complying with this Opinion and Order by December 14, 2010, or this case will be dismissed.

IT IS SO ORDERED this 23rd day of November, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma