# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE CEBALLOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-CV-659-GKF-PJC |
| FAMILY & CHILDREN SERVICES, TRACY LOPER, and SARA LAND, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the court upon the Motion of George Ceballos ("Mr. Ceballos") to Reconsider (Dkt. #17) the court's Opinion and Order (Dkt. #15) dismissing his complaint for lack of subject matter jurisdiction.

"[A] Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm'rs*, 2006 WL 3447629, at *1 (W.D. Okla. 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.*; *see Syntroleum Corp.*, 2009 WL 761322 at *1.

Mr. Ceballos' appears to argue this court has federal question jurisdiction over this case pursuant to the RICO statute. 18 U.S.C. §1961, *et seq*. The court has reviewed the Amended

Complaint and it does not raise a RICO claim even if liberally construed. Even if it did, it does not state a claim upon which relief can be granted. "To successfully state a RICO claim, a plaintiff must allege four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). Moreover, "[p]laintiffs who bring civil RICO claims pursuant to 18 U.S.C. § 1962 must show damage to their business or property as a result of defendants' conduct." *Id.*

Mr. Ceballos' Amended Complaint fails to allege several elements of a RICO claim, without which this court cannot exercise federal question jurisdiction. The Amended Complaint alleges as a cause of action: "institutionalize (sic) by means of entrapment." (Dkt. #8, p.1). The Amended Complaint does not allege any damage to property or a business; therefore it does not state a RICO claim sufficient for this court to exercise federal question jurisdiction. The Amended Complaint does not allege any conduct or pattern of conduct that could give rise to a RICO claim because it does not contain any factual allegations of conduct at all. *Id.* Mr. Ceballos claims that Tulsa Police Officers Jeff Henderson, and Bill Yelton are "closely associated" with the case, but does not allege any conduct or pattern of conduct of the officers nor of any defendants. *Id.* at 2. Mr. Ceballos' claim does not allege any racketeering activity. After liberally construing the Amended Complaint, the court holds that it does not raise or state a RICO claim, and thus subject matter jurisdiction is lacking.

WHEREFORE, the Motion to Reconsider (Dkt. #17) of Mr. Ceballos is denied.

**IT IS SO ORDERED** this 1st day of April, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma